NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jon Jeffrey Shoemaker, | No. CV-21-08083-PCT-SRB |
| Petitioner, | **ORDER** |
| v. | |
| David Shinn, et al., | |
| Respondents. | |

Petitioner, Jon Jeffrey Shoemaker filed a timely Petition Under 28 U.S.C.§ 2254 for a Writ of Habeas Corpus by a Person in State Custody on April 23, 2021 raising two grounds for relief. Ground One asserted that his state court conviction was in violation of Arizona law. It was dismissed by this Court in an Order dated May 11, 2021 because Petitioner alleged only a violation of Arizona law (Doc. 6). Respondents were ordered to answer Ground Two which alleged a violation of the Double Jeopardy Clause of the United States Constitution. Respondents filed their Answer to Petition for Writ of Habeas Corpus on June 21, 2021, arguing that Ground Two was procedurally defaulted without excuse because Petitioner had never argued a federal claim in his state court post-conviction relief proceedings but had argued only that he had been improperly sentenced under Arizona law.

The Magistrate Judge issued her Report and Recommendation on August 27, 2021 finding that Petitioner's habeas claim was procedurally defaulted without excuse and recommending that the Petition be dismissed with prejudice and that a certificate of appealability be denied. Petitioner filed timely written objections on October 18, 2021.

Respondents filed a Response on October 29, 2021.

Petitioner objects to the Magistrate Judge's finding of procedural default arguing that the substance of his state court post-conviction relief petition clearly alerted the state court of the federal nature of his claim because he has always been arguing double counting of his prior felony convictions. He asserts that "double counting" is "Double Jeopardy" and a violation of the Fifth Amendment to the United States Constitution. He provides no further explanation for how arguing double counting of his prior felony convictions clearly alerted the state court that he was making a federal constitutional claim.

In their Response, Respondents cite case authority that holds that a habeas petitioner must make the federal basis of his claim explicit either by citing federal law or case authorities or by citing state authorities analyzing the same federal constitutional claims. Respondents point to Petitioner's briefing before the state court that fails to make any reference to the United States Constitution, federal statutes or federal case law.

The Court has also reviewed Petitioner's state court filings. His Petition for Post-Conviction Relief relied exclusively on Arizona statutes that govern the counting of historical prior felony convictions and their use to enhance sentences. Petitioner's Reply to the State's response to his Petition also relied exclusively on the same Arizona statutes. The state trial judge's ruling dismissing the Petition correctly characterized it as a claim based on Arizona law.

Petitioner's Petition for Review to the Arizona Court of Appeals from the dismissal of his Petition for Post-Conviction Relief also relied exclusively on Arizona statutes for counting prior felony convictions.[1] Like the trial court, the Arizona Court of Appeals denied the Petition for Review by relying exclusively on state law.

The Court agrees with the Magistrate Judge that Petitioner's Double Jeopardy claim is unexhausted and procedurally defaulted as it was not fairly presented to the state court and any return to state court to raise this claim would be untimely.

---

[1] The Petition for Review also asserted ineffective assistance of counsel which the Court of Appeals held was precluded because not argued before the trial court. No claim of ineffective assistance of counsel has been argued in this habeas petition.

In addition to arguing fair presentation of his Double Jeopardy claim, Petitioner's Objections also includes his request that the Court consider that he is a *pro se* litigant who should be held to a less stringent standard than a lawyer.  It is unclear whether Petitioner is making this request in connection with his claim of fair presentation of his federal claim in the state court or to make a case for excusing his procedural fault.  In either case his objection fails.  Even the most liberal construction of his state court filings are insufficient to put the state court on notice that Petitioner was making a federal constitutional claim.  As discussed above, Petitioner relied exclusively on the interpretation of Arizona statutes governing historical prior felony convictions used to enhance a state felony sentence.

If the Objection is an attempt to excuse his default, Petitioner has not met the standard, even with the most liberal construction of his *pro se* filings.  As the Magistrate Judge explained in the Report and Recommendation, Petitioner's status as a *pro se* litigant does not exempt him from the cause and prejudice standard to excuse a procedural default.  There is no evidence or argument that any external objective factor precluded Petitioner from making his federal claim in state court.  There is also no evidence or argument that would show a fundamental miscarriage of justice.  Petitioner presents nothing to show that he was actually innocent of any of the prior felony convictions that enhanced his sentence.  He has only shown a disagreement with how his prior felony convictions were counted and used to enhance his sentence.

IT IS ORDERED overruling Petitioner's Objections to the Report and Recommendation. (Doc. 13)

IT IS FURTHER ORDERED adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court. (Doc. 10)

IT IS FURTHER ORDERED dismissing with prejudice Petitioner's Petition Under 28 U.S.C.§ 2254 for a Writ of Habeas Corpus by a Person in State Custody. (Doc. 1)

IT IS FURTHER ORDERED denying a Certificate of Appealability and leave to proceed *in forma* pauperis on appeal because dismissal of the Petition is justified by a plain procedural bar and the jurists of reason would not find it debatable whether the Court was

correct in its procedural ruling.

        IT IS FURTHER ORDERED directing the Clerk to enter judgment accordingly.

        Dated this 4th day of November, 2021.

_____
Susan R. Bolton
United States District Judge